LAW OFFICE OF AIHONG YOU, PC
Aihong You, Esq.
9 Mott Street, Suite 600
New York, New York 10013
Tel: (917) 412-3603
Fax: (732) 909-2214
aihong.you@aihonglaw.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VERNITA WORRELL<br><br>                     Plaintiff,<br>   -against-<br><br>LUOYANG UNCLE, INC. d/b/a UNCLE LUO YANG and PROVARC CO., INC.<br><br>                     Defendants | Case No. 1:19-cv-02968-AJN<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Luoyang Uncle, Inc. and Provarc Co. Inc. through their attorneys Law Office of Aihong You, PC, hereby answer Plaintiff Vernita Worrell's Complaint, allege as follows:

**INTRODUCTION**

1. Deny.

2. Deny.

3. Deny.

**JURISDICTION AND VENUE**

1

4. The allegations set forth in this paragraph constitute statements and conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, Defendants deny those allegations.

5. The allegations set forth in this paragraph constitute statements and conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, Defendants deny those allegations.

## PARTIES

6. The defendants lack knowledge or information necessary to form a belief as to the allegations of this paragraph, and as such, defendants deny those allegations.

7. The defendants lack knowledge or information necessary to form a belief as to the allegations of this paragraph, and as such, defendants deny those allegations.

8. Admit.

9. Admit.

10. Admit.

## STATEMENT OF FACTS

11. The defendants lack knowledge or information necessary to form a belief as to the allegations of this paragraph, and as such, defendants deny those allegations.

12. The defendants lack knowledge or information necessary to form a belief as to the allegations of this paragraph, and as such, defendants deny those allegations.

13. The defendants lack knowledge or information necessary to form a belief as to the allegations of this paragraph, and as such, defendants deny those allegations.

14. Deny.

15. Deny.

16. Deny.

17. The defendants lack knowledge or information necessary to form a belief as to the allegations of this paragraph, and as such, defendants deny those allegations.

18. The allegations set forth in this paragraph constitute statements and conclusions of law as to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, Defendants deny those allegations.

19. The allegations set forth in this paragraph constitute statements and conclusions of law as to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, Defendants deny those allegations.

20. Deny.

21. The allegations set forth in this paragraph constitute statements and conclusions of law as to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, Defendants deny those allegations.

22. The allegations set forth in this paragraph constitute statements and conclusions of law as to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, Defendants deny those allegations.

23. Deny.

24. Deny.

25. The allegations set forth in this paragraph constitute statements and conclusions of law as to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, Defendants deny those allegations.

26. The defendants lack knowledge or information necessary to form a belief as to the allegations regarding the inspection, and as such, deny. All alleged violations are denied.

## FIRST CLAIM FOR RELIEF
(American with Disabilities Act)

27. The allegations set forth in this paragraph constitute statements and conclusions of law as to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, Defendants deny those allegations.

28. Admit.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

## SECOND CLAIM FOR RELIEF
(Violation of New York State Executive Law)

34. Defendants repeat, reallege, and reiterate their responses set forth in the above, as if fully set forth herein.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

## THIRD CLAIM FOR RELIEF
(Violation of the Administrative Code of the City of New York)

42. Defendants repeat, reallege, and reiterate their responses set forth in the above, as if fully set forth herein.

43. Deny.

44. Deny.

45. The allegations set forth in this paragraph constitute statements and conclusions of law as to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, Defendants deny those allegations.

46. The allegations set forth in this paragraph constitute statements and conclusions of law as to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, Defendants deny those allegations.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

## INJUNCTIVE RELIEF

52. Deny.

53. Deny.

## DECLARATORY RELIEF

54. Deny.

## ATTORNEY'S FEES, EXPENSES AND COSTS

55. Deny.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims, in whole or in part, fail to state a cause of action upon which relief can and/or may be granted.

2. Plaintiff's claims, in whole or in part, are barred by the jurisdictional prerequisites.

3. Plaintiff's claims, in whole or in part, are barred by the statute of limitations.

4. Plaintiff's clams, in whole or in part, are barred by the Doctrine of Laches.

5. Plaintiff's claims, in whole or in part, are barred by the Doctrine of Waiver.

6. Plaintiff fails to sufficiently plead standing in her Complaint.

7. Plaintiff's claims, in whole or in part, are barred by the Doctrines of acquiescence, consent, estoppel in its various forms, bad motive, want of capacity, payments, accord and satisfaction, ratifications, recoupment, release, uncleaned hands, undue hardship, unconscionability, and *in pari delicto*.

8. Defendants are in compliance, or substantial compliance, with the requirements of the applicable law.

9. Plaintiff fails to identify current barriers to access or violation of the ADA and applicable New York law; however, assuming, that barriers exist, the removal of these barriers, or some of them, (a) is readily achievable; (b) would not present an undue burden, and/or(3) would not pose a significant health and safety risk.

10. Assuming, that the alleged barriers about which the Plaintiff complains of exist, those barriers have been removed.

11. Assuming, that the alleged barriers about which the Plaintiff complains of exist, it would be structurally impracticable to alter or remove those barriers, or some of them.

12. Assuming, that the alleged barriers about which the Plaintiff complains of exist, the Defendants provided legally sufficient alternative access and equivalent function.

13. Plaintiff is not a qualified individual with disability, and her complaint fails to plead her alleged disability with particularity.

14. The accommodations the Plaintiff seeks (a) are not readily achievable, (b) pose an undue burden, and/or (c) pose a significant health and/or safety risk.

15. Any alteration(s) to the premises in question was or were made to ensure, to the maximum extent feasible, that the altered portions are readily accessible.

16. The Plaintiffs failed to provide a notice of the alleged accessibility shortcomings or barriers existing on the premises prior to filing this lawsuit and failed to request that the Defendants provide alternate access to the premises or provide the Defendants an opportunity to cure the alleged accessibility shortcomings or barriers; therefore, the Plaintiff is barred from recovery, including recovery of attorney's fees, costs, and expenses.

17. The Defendants deny that they discriminate against disabled persons or that any possible alleged violation of the law was continuing, deliberate, or knowing.

18. The premises were constructed prior to the passage of the laws and regulations and, therefore, the Defendants are not required to strictly comply with the laws or regulations.

19. The damages claimed by Plaintiff, the existence of which are expressly denied, are barred to the extent they are speculative in nature.

20. The Defendants had reasonable grounds for believing that the alleged act(s) or omission(s) giving rise to Plaintiff's action were in good faith and for believing that such act(s) or omission(s) were not in violation of the Law.

21. The Complaint fails to state a claim against Defendants upon which attorney's fees or costs can be awarded.

22. Any damages that Plaintiff as set forth in the Complaint could recover must be eliminated or reduced by her failure to mitigate damages.

23. Plaintiffs' claims, and each of them, as set forth in the Complaint, are in whole or in part *de minimis.*

24. Defendants reserve the right to raise additional affirmative defenses which may be discovered during the course of discovery in this action.

**WHEREFORE,** Defendants demand a judgment against Plaintiff, for the following:

a. Dismissing the Complaint, together with the costs and disbursements thereof;

b. Awarding Defendant attorney's fees;

c. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     June 23, 2019

                                        /s/
                                  Aihong You, Esq.
                                  LAW OFFICE OF AIHONG YOU, PC
                                  *Attorneys for Defendant*
                                  *Luoyang Uncle Inc. & Provarc Co., Inc.*
                                  9 Mott Street, Suite 600
                                  New York, NY 10013
                                  Tel: (917) 412-3603
                                  Fax: (732) 909-2214
                                  aihong.you@aihonglaw.com